**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JOHNNY MULHAIR,

    Plaintiff,

vs.                                                                No. CIV 99-0209 JC/DJS (ACE)

WILBUR C. RIMES, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon the Motion of Defendant LeAnn Rimes Pursuant to Rule 12(b)(2) to Dismiss Defendant LeAnn Rimes for Lack of Personal Jurisdiction, filed June 22, 1999 *(Doc. 16)*.

**I.**     **Background**

On March 1, 1999, Plaintiff filed his Complaint for Declaratory Judgment of Copyright Ownership, Accounting for Profits, Lanham Act Violation and Supplemental Claims (Complaint). Plaintiff named as Defendants Wilbur C. Rimes (Mr. Rimes), Lyle Walker, LeAnn Rimes Entertainment, Inc. (Rimes, Inc.), LeAnn Rimes (Ms. Rimes), Curb Records, Inc., Mike Curb, and Chuck Howard. Mike Curb and Chuck Howard have since been dismissed. Mr. Rimes is the natural father of Ms. Rimes and president of Rimes, Inc.

During May to July 1994, Plaintiff alleges that he produced and played musical instruments on all of the songs performed by Ms. Rimes on an album entitled "All That" which was recorded in Clovis, New Mexico. Ms. Rimes was a minor child of eleven years of age at that time. Prior to

making the above recordings, Rimes, Inc., and Lyle Walker, doing business as Norman Petty Studios (Petty Studios), entered into an agreement to make the "All That" album. Under the agreement, the album was to be marketed and sold under the Nor Va Jak label which was owned by Petty Studios. The agreement also specified that the copyrights to each of the songs on the album would be owned equally by Rimes, Inc., and Petty Studios. Plaintiff appeared on the "All That" album cover as a co-producer along with Mr. Rimes.

In June 1995, Plaintiff and Mr. Rimes produced the song "Blue" which was distributed by Curb Records. The compact disc and cassette covers for "Blue" allegedly failed to list the correct producers and excluded Plaintiff as a producer. The song "Blue" was re-recorded in 1996 without Plaintiff, and an album entitled "Blue" was released that year. The "Blue" album contained four songs produced by Plaintiff. Plaintiff alleges that he was not given equal credit for producing those songs. Plaintiff was also not given credit in 1997 for two songs: "Unchained Melody" and "The Light in Your Eyes" which he allegedly produced. In 1997, the album "Unchained Melody/The Early Years" was released by Curb Records. That album was taken from the "All That" album and did not allegedly give Plaintiff the credit he deserved for producing seven songs on that album.

In his Complaint, Plaintiff asks for a declaratory judgment stating that he is a joint author and joint copyright owner of the songs at issue. Plaintiff also alleges that Defendants "unjustly withheld and converted Plaintiff's share of profits to which he is entitled as a joint author and co-owner of sound recording copyrights in certain songs. . . ." Complaint at ¶ 26. Plaintiff further demands an accounting for the profits derived from the licensing or use of the copyrighted work to which he claims a joint copyright ownership interest. Additionally, Plaintiff contends that Defendants violated the Lanham Act by incorrectly crediting the production of certain albums and songs to Mr. Rimes,

Mr. Howard and/or Mr. Curb. Plaintiff seeks an injunction to properly credit Plaintiff in all future printings of the albums and songs at issue. Plaintiff further alleges a breach of contract claim wherein Mr. Rimes, Mr. Walker, Ms. Rimes, and Rimes, Inc. failed to properly credit Plaintiff as a producer and give him additional compensation for successful songs. Finally, Plaintiff alleges that Defendants violated the New Mexico Unfair Trade Practices Act by not crediting Plaintiff as a producer and falsely crediting others as producers of songs Plaintiff produced.

**II.     Discussion**

A federal court may exercise personal jurisdiction over an out-of-state defendant if the defendant is amenable to service under the long-arm statute of the forum state, and if the exercise of jurisdiction comports with due process. *Taylor v. Phelan*, 912 F.2d 429, 431 (10th Cir. 1990), *cert. denied*, 498 U.S.1068 (1991). Plaintiff bears the burden of proving personal jurisdiction. *FDIC v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992); *Jemez Agency, Inc. v. CIGNA Corp.*, 866 F. Supp. 1340, 1342 (D.N.M. 1994). At the pretrial motion stage, the plaintiff's burden is light--the plaintiff need only make a *prima facie* showing that jurisdiction exists. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995); *Jemez Agency, Inc.*, 866 F. Supp. at 1342 (citing *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984), *cert. denied*, 471 U.S. 1010 (1985)).

The Court may consider matters outside the pleadings in deciding a personal jurisdiction issue. *Jemez Agency, Inc.*, 866 F. Supp. at 1342. The Court accepts as true the plaintiff's allegations in the complaint if the defendant does not contest those allegations with affidavits or other materials.

*Wenz*, 55 F.3d at 1505. The Court resolves all factual disputes raised by conflicting affidavits in the plaintiff's favor. *Id*.

"New Mexico case law has consolidated the statutory and constitutional requirements of [the] long-arm statute into a three-part test, which must be met before [the] state courts may exercise personal jurisdiction over a nonresident defendant." *Caba Limited Liability Co. v. Mustang Software, Inc.,* ____ P.2d ____, 1999 NMCA 089 (Ct. App. 1999). First, the defendant must have committed one of the acts enumerated in the long-arm statute. Second, the cause of action must arise from the acts enumerated in the statute. Third, the defendant must have minimum contacts with the State of New Mexico sufficient to satisfy the requirements of the Due Process Clause of the United States Constitution. *Id.; Beh v. Ostergard*, 657 F. Supp. 173, 174 (D.N.M. 1987).

In this case, Plaintiff argues that Defendants have transacted business within this state and/or committed tortious acts within the state pursuant to the New Mexico long-arm statute. The pertinent part of the long-arm statute states:

> A. Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:
>
> (1) the transaction of any business within this state; . . . .
>
> (3) the commission of a tortious act within this state. . . .
>
> C. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction is based upon this section.

1978 N.M.S.A. § 38-1-16(A)(1), (3) and (C). The New Mexico long-arm statute "extends the jurisdictional reach of New Mexico courts as far as constitutionally permissible." *Tercero v.*

*Roman Catholic Diocese of Norwich, Conn.*, ____ P.2d ____, 1999 NMCA 52 (Ct. App.), *cert. granted*, ____ P.2d ____, Table No. 25,618 (1999) (citation omitted). In fact, New Mexico courts have equated the "transaction of business" and "commission of a tortious act" with the due process standard of minimum contacts. *See id.*; *Telephonic, Inc. v. Rosenblum*, 88 N.M. 532, 534, 543 P.2d 825, 827 (1975) (quoted in *Caba Limited Liability,* ____ P.2d ____, 1999 NMCA 089 (Ct. App. 1999)). However, the mere transaction of business is insufficient to establish personal jurisdiction. *Campos Enter., Inc. v. Edwin K. Williams and Co.*, 125 N.M. 691, 695, 964 P.2d 855, 859 (Ct. App.), *cert. denied*, 126 N.M. 107, 967 P.2d 447 (1998). "The alleged claims must arise from that transaction of business." *Id.* (citations omitted). "Just as with the 'transaction of any business' subsection . . ., the subsection of the long-arm statute concerning tortious conduct also requires that the cause of action arise from alleged tortious conduct within the state in order to extend personal jurisdiction to an out-of-state defendant." *Id.* at 697, 964 P.2d at 861. "That Defendant may have had other contacts with New Mexico from which no pled cause of action arises does not satisfy this ['arising from']jurisdictional prerequisite." *Caba Limited Liability,* ____ P.2d ____, 1999 NMCA 089 (Ct. App. 1999). "The statutory phrase 'arising from' requires only that the plaintiff's claim be one which lies in the wake of the commercial activities by which the defendant submitted to the jurisdiction of the . . . courts." *Winward v. Holly Creek Mills, Inc.*, 83 N.M. 469, 472, 493 P.2d 954, 957 (1972) (quoted in *Caba Limited Liability,* ____ P.2d ____, 1999 NMCA 089 (Ct. App. 1999)). In other words, there must be "a close relationship" between the defendant's act and the plaintiff's claim. *State Farm Mut. Ins. Co. v. Conyers*, 109 N.M. 243, 245, 784 P.2d 986, 988 (1989) (quoted in *Tercero*, ____ P.2d ____, 1999 NMCA 52 (Ct. App. 1999)).

For the sake of argument only, I will assume that Ms. Rimes engaged in a business activity and/or committed a tortious act in New Mexico by recording the "All That" album in Clovis, New Mexico. The issue then becomes whether Plaintiff's cause of action against Ms. Rimes arises from that New Mexico recording. Plaintiff's cause of action is based on two allegations: 1) Plaintiff is a joint author and co-owner of the disputed songs and albums; and 2) Plaintiff was not correctly credited as being a producer of certain songs and albums. The facts indicate that prior to the Clovis, New Mexico recordings, Rimes, Inc. and Petty Studios entered into an agreement whereby they purported to hold the copyright interests of the "All That" album. Mr. Rimes, not Ms. Rimes signed that agreement on behalf of Rimes, Inc. Being a minor, Ms. Rimes was later emancipated for the purpose of executing a recording contract with Curb Records, Inc., whereby any future recording copyrights were assigned to Curb Records, Inc. Aff. (attached as Ex. A to Reply to Pl.'s Resp. to LeAnn Rimes' Mot. to Dismiss, filed July 7, 1999). Since Ms. Rimes was a minor at the time of the Clovis recordings, Mr. Rimes has disavowed, on Ms. Rimes' behalf, any contracts she may have made with Plaintiff. Aff. of Wilbur Rimes in Support of Mot. to Dismiss LeAnn Rimes (attached as Ex. A to Br. in Support of Rule 12(b)(2) Mot. to Dismiss LeAnn Rimes for Lack of Personal Jurisdiction, filed June 22, 1999). In sum, as a minor, Ms. Rimes personally did not have any copyright interests in the songs and albums at issue. Moreover, Ms. Rimes never had the responsibility for placing the credits on any of her songs or albums. *Id*. Under these circumstances, it is evident that Ms. Rimes' presence in Clovis, New Mexico to record the "All That" album is not sufficiently related to Plaintiff's cause of action against her. Consequently, I cannot find that Plaintiff carried his light burden of showing that his cause of action against Ms. Rimes arises from the fact that she recorded an album

in Clovis, New Mexico. I conclude that Ms. Rimes' motion to dismiss for lack of personal jurisdiction is well taken and should be granted.

Wherefore,

IT IS ORDERED that the Motion of Defendant LeAnn Rimes Pursuant to Rule 12(b)(2) to Dismiss Defendant LeAnn Rimes for Lack of Personal Jurisdiction, filed June 22, 1999 *(Doc. 16)*, is **granted** and this cause is dismissed with prejudice as to Ms. Rimes.

DATED this 22nd day of July, 1999.

						_____
						**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | John W. Boyd |
| | Freedman, Boyd, Daniels, Hollander, Goldberg & Cline, P.A. |
| | Albuquerque, New Mexico |
| | |
| | Roberta M. Price |
| | Albuquerque, New Mexico |
| | |
| | O. Yale Lewis, Jr. |
| | Carl J. Gausman |
| | Hendrick & Lewis |
| | Seattle, Washington |
| Counsel for Defendants: | Marshall G. Martin |
| | Thomas J. McBride |
| | Hinkle, Cox, Eaton, Coffield & Hensley |
| | Albuquerque, New Mexico |